## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Debraca Holmes** ) | Civil Action No. 2:14-0831-CWH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Palmetto Oakbrook Operating LLC** ) | |
| **d/b/a Oakbrook Health and** ) | |
| **Rehabilitation Center**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action has been brought by the Plaintiff, a former employee of the Defendant, alleging a claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq. Plaintiff also asserts a state law claim for breach of contract. The docket reflects that the Defendant was served with process on March 13, 2014, with a responsive pleading to be filed by the Defendant by April 3, 2014. See Court Docket No. 6. No responsive pleading was ever filed by the Defendant, and on August 6, 2014 the Plaintiff filed a motion for "default judgment" pursuant to Rule 55, Fed.R.Civ.P. The Clerk thereafter entered the default of the Defendant on August 22, 2014 pursuant to Rule 55(a), Fed.R.Civ.P.[1]

On the same day that the Clerk entered the Defendant's default, the Defendant filed a motion to set aside the entry of default and to be allowed to responsibly plead pursuant to Rule

---

[1] No "judgment" was entered in the case, however, as Plaintiff's filing did not meet the requirements of either Rule 55 (b)(1) or (2). See Court Docket No. 9.



1

6(b)(1)(B) and Rule 55(c), Fed.R.Civ.P. As an attachment to its motion, the Defendant has submitted an affidavit from Leyda Tolentino, Executive Assistant to the Manager of Millennium Management, LLC ("Millennium"), a Florida limited liability company. Tolentino attests that her job includes receiving service of process of litigation from CT Corporation for the Defendant.[2] Tolentino further attests that Millennium did not receive any notice of the filing of this lawsuit until she received an email from CT Corporation on August 12, 2014, following which she received a copy of Plaintiff's motion for default from CT Corporation on August 13, 2014. Tolentino attests that, to the best of her knowledge, this was the first time that anyone associated with the Defendant had received notice of the above referenced civil action. See generally, Tolentino Affidavit. Defendant argues in its motion that after outside counsel was contacted, the Defendant prepared its motion to set aside default and supporting memorandum in only a few days time, that it has a meritorious defense to Plaintiff's claims,[3] and that the Plaintiff would not be prejudiced in her prosecution of this case by the relatively short delay occasioned by the Defendant's failure to timely respond to the Complaint.

The time for Plaintiff to respond to the Defendant's motion has now expired, with no memorandum in opposition having been filed by the Plaintiff.

**Discussion**

When an entry of default has been made pursuant to Rule 55, the Court may set aside

---

[2] The service documents reflect that CT Corporation was who was served with process in this case. See Court Docket No. 6

[3] Defendant has attached to its motion as Exhibit B a copy of Plaintiff's disciplinary action record indicating that Plaintiff's termination was not due to any discriminatory animus, but was instead due to alleged "falsified information", failure to follow instructions and various nursing rules, the improper handling of log books, and other conduct warranting Plaintiff's dismissal. See Defendant's Exhibit B.

2



the entry of default for good cause. Rule 55(c) Fed.R.Civ.P.; Federal Deposit Insurance Corporation v. Danzig, 93-1294, 1993 WL 478842 at * 5 (4th Cir. Nov. 22, 1993). This "good cause" standard is liberally construed "in order to provide relief from the onerous consequences of defaults . . . ." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987); see also Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969)["Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits"]. Considered under this standard, and after careful review of the arguments and evidence submitted, the undersigned finds and concludes that the Defendant should be granted relief in this case.

As noted by Defendant in its memorandum, "[w]hen deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice of the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne el rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-205 (4th Cir. 2006). Here, the evidence and record before the Court shows that the Defendant acted promptly upon learning of the default motion having been filed, and has also offered some evidence that it may have a meritorious defense to Plaintiff's claims. Additionally, Plaintiff (who has not responded to the Defendant's motion) has not provided evidence of any prejudice she may suffer as a result of the delay occasioned so far in the prosecution of her case. Therefore, under the facts presented, the undersigned can discern no reason for not allowing relief from the default. Lolatchy, 816 F.2d at 954 [Motion to set aside default should be liberally construed in order to provide relief from the consequences of a default]; United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982)["[T]he clear policy of the Rules is to encourage disposition of claims on their merits"]; Palmetto Federal Savings



Bank of S.C. v. Industrial Valley Title Ins. Co., 756 F.Supp. 925, 931-932 (D.S.C. 1991)[Under Rule 55(c), it is not absolutely necessary that the neglect or oversight offered as a reason for a delay in filing a response be excusable], vacated on other grounds, 1991 WL 832830 (D.S.C. May 15, 1991); cf. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988)[Noting that it is proper to focus on the source of the default, and that when the party being held in default is blameless the default should ordinarily be set aside].

## Conclusion

Based on the foregoing, it is recommended that the Defendant's Motion to Set Aside Entry of Default in this case be **granted**, and that the Defendant be provided twenty (20) days from the date of any order adopting this Report and Recommendation to file a responsive pleading in this case.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 9, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

