IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Debraca Holmes, | ) | Civil Action No. 2:14-00831-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Palmetto Oakbrook Operating, LLC, d/b/a | ) | |
| Oakbrook Health and Rehabilitation Center, | ) | |
| | ) | |
| Defendant. | ) | |

On March 11, 2014, Debraca Holmes (the "plaintiff"), filed this action against her former employer, Palmetto Oakbrook Operating, LLC, d/b/a Oakbrook Health and Rehabilitation Center (the "defendant") alleging a claim pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601–2654, and a state law claim for breach of contract. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R").

According to the R&R, the defendant was served with process on March 13, 2014, but failed to file a responsive pleading. On August 6, 2014 the plaintiff filed a motion for "default judgment" pursuant to Rule 55 of the Federal Rules of Civil Procedure. The Clerk of Court entered the default of the defendant on August 22, 2014 pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Also on August 22, 2014, the defendant filed a motion to set aside the entry of default and be allowed to respond. The plaintiff did not file any opposition to the defendant's motion to set aside the entry of default.

On September 9, 2014, the magistrate judge issued an R&R recommending that the defendant's motion be granted, and that the defendant be permitted to respond to the complaint. (ECF No. 12). The R&R specifically advised the parties of the procedures for filing objections thereto and the serious consequences if they failed to do so. Neither party has filed any objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1)(C). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted) (internal quotation marks omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

After reviewing the record of this matter, the applicable law, and the magistrate judge's R&R, the Court agrees with the conclusions of the magistrate judge. The Court adopts and



incorporates the R&R (ECF No. 12) by reference in this Order. The defendant's motion to set aside the entry of default (ECF No. 11) is granted, and the defendant is permitted twenty (20) days from the date of this order to file a responsive pleading in this case. This matter is recommitted to the magistrate judge for further proceedings.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

October ___, 2014
Charleston, South Carolina

